UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GEORGE GLASS,<br><br>        Plaintiff,<br><br>   v.<br><br>MARTIN BITER, et al.,<br><br>        Defendants. | Case No.  1:15-cv-01666-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PAYMENT OF FILING FEE IN FULL WITHIN TWENTY ONE (21) DAYS**<br><br>**(ECF No. 9)** |

**I.      INTRODUCTION**

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

Before the Court is Plaintiff's November 16, 2015 motion to proceed in forma pauperis. (ECF No. 9.)

**II.     LEGAL STANDARD**

28 U.S.C. § 1915 permits a federal court to authorize the commencement and prosecution of an action without prepayment of fees by an individual who submits an affidavit demonstrating that he or she is unable to pay the fees. However,

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The imminent danger exception applies if "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews, 493 F.3d at 1055.

### III.   PLAINTIFF'S LITIGTION HISTORY

The Court takes judicial notice of the following United States District Court cases: Glass v. White, 1:09-cv-01687-GSA (E.D. Cal.) (dismissed on September 15, 2011, for failure to state a claim; no appeal filed); Glass v. Pimentel, 1:11-cv-00119-GSA (E.D. Cal.) (dismissed on March 22, 2011, as frivolous; no appeal filed); Glass v. Pimentel, 1:11-cv-00429-OWW-SMS (E.D. Cal.) (dismissed on March 21, 2011, as frivolous; no appeal filed); Glass v. White, 1:09-cv-01245-MJS (E.D. Cal.) (dismissed on March 2, 2011, for failure to state a claim; no appeal filed); Glass v. Goodrick-Reynaga, 1:09-cv-02109 JLT (E.D. Cal.) (dismissed on December 16, 2010, for failure to state a claim; no appeal filed).

Based on the foregoing, it is beyond dispute that Plaintiff has incurred three "strikes" within the meaning of 28 U.S.C. § 1915(g). He may proceed in forma pauperis in this action only if the imminent danger exception is met. Andrews, 493 F.3d at 1055.

### IV.   PLAINTIFF'S CLAIMS

Plaintiff is incarcerated at Kern Valley State Prison ("KVSP"), where the acts giving rise to his complaint occurred. He names the following Defendants: (1) Matthew Biter, KVSP Warden; and (2) Edmond "Gerry" Brown, purported Director of the California Department of Corrections and Rehabilitation.

Plaintiff's claims may be summarized essentially as follows:

KVSP houses Plaintiff's enemies. Defendants transferred Plaintiff to KVSP with indifference to the possibility Plaintiff would be assaulted, and possibly murdered, at that facility.

Plaintiff is a convicted sex offender. Upon arriving at a new institution, he generally may be required to show other inmates his classification papers or court documents reflecting his offenses. If an inmate such as Plaintiff cannot show he is not a sex offender, other inmates may assault or murder him. Defendants are indifferent to this possibility and refuse to protect him.

## V.    IMMINENT DANGER EXCEPTION INAPPLICABLE

Plaintiff fails to plausibly allege imminent danger of serious physical injury. A prisoner seeking to invoke the imminent danger exception in § 1915(g) must make specific, credible allegations of imminent danger of serious physical harm. McNeil v. U.S., 2006 WL 581081 (W.D. Wash. Mar. 8, 2006) (citing Kinnell v. Graves, 265 F.3d 1125, 1127-28 (10th Cir. 2001), and White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998)). Vague, speculative, and non-specific allegations are insufficient. See Pauline v. Mishner, 2009 WL 1505672 (D. Haw. May 28, 2009) (plaintiff's vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g)); Cooper v. Bush, 2006 WL 2054090 (M.D. Fla. July 21, 2006) (plaintiff's allegations that he will commit suicide, or that he has already attempted suicide and will do so again, are insufficient to show imminent danger); Luedtke v. Bertrand, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("[p]laintiff's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

Here, Plaintiff makes generalized allegations that suggest he is in danger of being assaulted or murdered, but cites no specific facts to support these allegations. He states that Defendants have failed to protect him from these threats, but does not

explain whether or why any protective measures available to him at KVSP are ineffective. Plaintiff's conclusory allegations are insufficient to plausibly allege imminent danger of serious physical injury. Accordingly, his application to proceed in forma pauperis must be denied.

## VI.   CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 9) is DENIED;
2. Plaintiff shall pay the $400 filing fee in full within twenty-one days of service of this order; and
3. If Plaintiff fails to pay the $400 filing fee in full by the above deadline, all pending motions will be terminated and the action dismissed without prejudice.

IT IS SO ORDERED.

Dated:   January 5, 2016                                  /s/ *Michael J. Seng*
                                                          UNITED STATES MAGISTRATE JUDGE