UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GEORGE GLASS,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN BITER, et al.,<br><br>Defendants. | Case No.  1:15-cv-01666-MJS (PC)<br><br>**ORDER TO SHOW CAUSE**<br><br>**(ECF NO. 10.)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 8.) No other parties have appeared in the action.

On January 5, 2016, the undersigned denied Plaintiff's motion to proceed in forma pauperis because he had incurred three "strikes" within the meaning of 28 U.S.C. § 1915(g) and because he failed to meet the imminent danger exception. (ECF No. 10.) Plaintiff was given twenty-one (21) days to pay the $400 filing fee in full and was warned that if he failed to pay, all pending motions will be terminated and the action dismissed without prejudice. Twenty-one days have now passed, and Plaintiff has not paid the filing fee or otherwise responded to the Court's order.

1

1    Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with
2 these Rules or with any order of the Court may be grounds for imposition by the Court
3 of any and all sanctions . . . within the inherent power of the Court."  "District courts
4 have inherent power to control their dockets [and] . . . [i]n the exercise of that power,
5 they may impose sanctions including, where appropriate, default or dismissal."
6 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an
7 action, with prejudice, based on a party's failure to prosecute, failure to obey a court
8 order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-
9 54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963
10 F.2d 1258, 1260-63 (9th Cir. 1992) (dismissal for failure to comply with an order
11 requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir.
12 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep
13 court apprised of address); Malone v. U.S. Postal Serv., 833 F.2d 128, 130-31 (9th Cir.
14 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779
15 F.2d 1421, 1424-25 (9th Cir. 1986) (dismissal for lack of prosecution and failure to
16 comply with local rules).
17    In determining whether to dismiss an action for lack of prosecution, failure to
18 obey a court order, or failure to comply with local rules, the Court must consider several
19 factors: "(1) the public's interest in expeditious resolution of litigation; (2) the [C]ourt's
20 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
21 policy favoring disposition of cases on their merits and (5) the availability of less drastic
22 alternatives."  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423.
23    In the instant case, the public's interest in expeditiously resolving this litigation
24 and the Court's interest in managing its docket weigh in favor of dismissal.  The third
25 factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a
26 presumption of injury arises from the occurrence of unreasonable delay in prosecuting
27 this action.  See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
28 factor -- public policy favoring disposition of cases on their merits -- is greatly

outweighed by the factors in favor of dismissal discussed herein.  Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources.  Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this Order, Plaintiff shall either show cause as to why this action should not be dismissed with prejudice for failure to comply with the Court's order (ECF No. 10), or he shall pay the $400 filing fee in full; and

2. If Plaintiff fails to so respond to this Order to Show Cause, the undersigned shall dismiss this action, with prejudice.

IT IS SO ORDERED.

Dated:   February 2, 2016              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE